UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | 20-Cr-351 (SHS) |
| -v- | : | ORDER |
| INIGO PHILBRICK, | : | |
| Defendant. | : | |

------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

    The conference scheduled for **July 29, 2020**, at **10:30 a.m.** will occur as teleconference. As requested, defense counsel will be given an opportunity to speak with the defendant by telephone for 15 minutes before the proceeding begins. Defense counsel should make sure to answer the telephone number that was previously provided to Chambers at that time.

    All participants must identify themselves every time they speak, spell any proper names for the court reporter, and take care not to interrupt or speak over one another. Finally, all of those accessing the conference — whether in listen-only mode or otherwise — are reminded that recording or rebroadcasting of the proceeding is prohibited by law.

    Counsel should adhere to the following rules and guidelines during the teleconference:

1. Each party should designate a single lawyer to speak on its behalf (including when noting the appearances of other counsel on the telephone).

2. Counsel should use a landline whenever possible, should use a headset instead of a speakerphone, and must mute themselves whenever they are not speaking to eliminate background noise. In addition, counsel should not use voice-activated systems that do not allow the user to know when someone else is trying to speak at the same time.

3. To facilitate an orderly teleconference and the creation of an accurate transcript, counsel are *required* to identify themselves every time they speak. Counsel should spell any proper names for the court reporter. Counsel should also take special care not to interrupt or speak over one another.

4. If there is a beep or chime indicating that a new caller has joined while counsel is speaking, counsel should pause to allow the Court to ascertain the identity of the new participant and confirm that the court reporter has not been dropped from the call.

1

  If possible, defense counsel shall discuss the attached Waiver of Right to be Present at Criminal Proceeding with the defendant prior to the proceeding.  If the defendant consents, and is able to sign the form (either personally or, in accordance with Standing Order 20-MC-174 of March 27, 2020, by defense counsel), defense counsel shall file the executed form **at least 24 hours prior to the proceeding**.  In the event the defendant consents, but counsel is unable to obtain or affix the defendant's signature on the form, the Court will conduct an inquiry at the outset of the proceeding to determine whether it is appropriate for the Court to add the defendant's signature to the form.

  To the extent that there are any documents relevant to the proceeding (e.g., proposed orders or documents regarding restitution, forfeiture, or removal), counsel should submit them to the Court (by email or on ECF, as appropriate) at least **at least 24 hours prior to the proceeding**.  To the extent any documents require the defendant's signature, defense counsel should endeavor to get them signed in advance of the proceeding as set forth above; if defense counsel is unable to do so, the Court will conduct an inquiry during the proceeding to determine whether it is appropriate for the Court to add the defendant's signature.

  The parties shall call 888-273-3658 and use access code 7004275 to access the teleconference.

Dated: New York, New York
   July 23, 2020

SO ORDERED

_____
SIDNEY H. STEIN
U.S.D.J.