

Tel: (888) 315-9841 | www.brill-legal.com

Peter E. Brill
David Gray
Mitchell Hirsch*
Rita Bonicelli*
Matthew Haicken*
James Moschella*
*Of Counsel

July 28, 2020

**Via ECF**
Hon. Sidney H. Stein
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Inigo Philbrick,* **20 Cr. 351**

Dear Judge Stein:

    I write to inform the Court of recent difficulties with access to Mr. Philbrick and to request whatever assistance the Court may be able to provide.

    As Your Honor may be aware, Mr. Philbrick's initial appearance was in Guam on or about June 12, where he agreed to waive any objections and return to New York while in custody to address the charges against him. On his way here, he passed through Hawaii, Nevada and Oklahoma. It was relatively easy to arrange privileged phone or video calls with him at any of those facilities.

    Mr. Philbrick arrived at the MCC on or about July 13. We were able to arrange one or two phone calls and a video call with him through the system managed by the Federal Defenders. He has had no disciplinary or behavioral issues since his arrest.

    Things started going badly beginning on July 20. A longer video call which I had scheduled, to begin discussing topics that needed to be addressed early on in a case like this, did not happen. After inquiring of the BOP for hours, as per the Federal Defenders the BOP simply never made the call.

    The next available video call slot of more than 30 minutes was July 24 (the BOP requires at least 72 hours advance notice). That call did not come through, either. Hours later, we found out through BOP Legal that Mr. Philbrick was transferred to MDC Brooklyn at the time he was supposed to be speaking to me. There was no apparent reason for the transfer, or for the timing of the transfer for that matter.

306 Fifth Avenue
Penthouse
New York, N.Y. 10001

64 Hilton Avenue
Hempstead, N.Y. 11550

150 Motor Parkway
Suite 401
Hauppauge, N.Y. 11788

Upon arrival at the MDC, despite the fact he had been in federal custody for nearly six weeks and at the MCC for 11 days, Mr. Philbrick was told he was to be quarantined in the MDC SHU for at least three weeks. As described by Mr. Philbrick, the single-person cell is a standard SHU (not medical unit) cell, where the slot in the door is opened three times a day for food service. He is not allowed out of his cell other than for an occasional ten-minute shower.

Federal Defenders was able to arrange two calls for me when we found out he had been transferred – one on Monday and one today, each for 30 minutes. Today's call was set up as a video call but the guard who called this morning informed me that quarantined prisoners are not allowed video calls. As per Mr. Philbrick, the phone is given to him through the same slot in the door as his food, on a short cord. In order to speak to me, he has to kneel or crouch on the floor near the door. His voice can be heard by fellow inmates and MDC personnel. There is no way to have a privileged conversation.

Mr. Philbrick and I have not had a meaningful conversation of any length since he has been in custody, which has now been over six weeks. Two of the arranged video calls were cancelled due to administrative incompetence or arbitrary decisions that deprived Mr. Philbrick of access to counsel. Now, apparently, we cannot begin to have a meaningful conversation for at least three more weeks while he sits in SHU quarantine (despite the fact he had no symptoms at MCC and was tested multiple times during his travels with the Marshals).

There are decisions in this case that need to be made in the short term that cannot be made under the present circumstances. The government will soon be producing discovery, and there will be no way to meaningfully discuss that either. Frankly, the BOP has failed to provide adequate safeguards to allow access to counsel under these circumstances. Even if one ascribes all of Mr. Philbrick's recent treatment to bureaucratic, non-individualized responses to the pandemic, the effect on him has been quite detrimental, and may even rise to the level of a Constitutional violation.

We will await further guidance from the Court on how we can approach gaining more meaningful access to our client in the near future. Thank you for your consideration and assistance.

Respectfully submitted,

Peter E. Brill