LAW OFFICES OF
# JEFFREY LICHTMAN
11 EAST 44TH STREET
SUITE 501
NEW YORK, NEW YORK 10017
www.jeffreylichtman.com

JEFFREY LICHTMAN
JEFFREY EINHORN
DAVID GELFAND

PH: (212) 581-1001
FX: (212) 581-4999

May 20, 2022

**REQUEST TO BE FILED UNDER SEAL**[1]

**BY ECF**
Hon. Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re: <u>United States v. Philbrick, et al.</u>, 20 CR 351 (SDNY) (SHS)

Dear Judge Stein:

      We write on behalf of defendant Inigo Philbrick and in brief reply to select arguments raised in the government's April 4, 2022 sentencing memorandum ("Govt Mem.") and April 28, 2022 sealed submission discussing his cooperation with law enforcement. In all other respects, Mr. Philbrick is prepared to proceed with his May 23, 2022 sentencing.



---

[1] Because this letter references the defendant's cooperative efforts and the details of his debriefings with the government, we respectfully request that it be filed under seal.

JEFFREY LICHTMAN

Hon. Sidney H. Stein
United States District Judge
May 20, 2022
Page 2

**Second**, in light of the complex questions of ownership that have been left in the wake of his dealings, Mr. Philbrick has continued to make himself available to the victims – either by responding to the government's questions as to the location of works of art even after it was made known that a cooperation agreement was not forthcoming, or authorizing counsel to spend countless hours gathering materials in response to a civil subpoena. The government's claim that Mr. Philbrick had "[d]isdain" for his victims and lacks remorse for his conduct rings hollow in light of these continued efforts. Govt. Mem. at p. 20. Indeed, even as recently as yesterday, Mr. Philbrick participated in a legal call with counsel for a number of the victims, providing answers to a variety of questions concerning the scheme and his investors without hesitation. Following this call, counsel for Athena and three other victims provided us with a letter observing not just the defendant's "willingness to assist with ... recovery efforts," but that "[m]any of the other victims ... made substantial profits with ... Philbrick before learning of the fraud ...." See May 20, 2022 Letter of Wendy Lindstrom, Mazzola Lindstrom LLP, attached as Exhibit A.

Further, while the scheme with the help of Newland of course required planning and the use of "spreadsheets" to keep track of ownership (Govt. Mem. at p. 21), this does not support the government's claim that he had disdain for the victims – and they fail to point out that the handwritten note posing the question "[h]ow to fuck them?" (id.) was penned by Newland and not Philbrick – it was never seen by Philbrick before its reference in the government's submission. While they debriefed the defendant on five separate occasions and were in possession of this document seized from his gallery, the government never once asked him who authored it.

Furthermore, as the government acknowledges in its own submission, Mr. Philbrick did not immediately run off when his scheme "began to come to light." Govt. Mem. at p. 15. Instead, as recognized in both their sentencing submission and the PSR, he "made admissions to a few of his investors and Athena [and began] disclosing portions of the Fraud Scheme ...." Govt. Mem. at p. 13; see also PSR at ¶¶ 46-47. Contrary to the picture painted by the government, these are hardly the acts of a man who "lack[s] remorse ... or concern" for his former investors and victims. Govt. Mem. at p. 23. Instead, before he was ever contacted by law enforcement, he came clean to several of them in an attempt to provide some aid for the future recovery of assets. Govt. Mem. at p. 20.

**Third**, the government's attempts to differentiate the sentences received in the Rosales and Chowaki cases are not persuasive. See Govt. Mem. at pp. 23-25. Unlike Inigo Philbrick, Glafira Rosales participated in a fraud lasting some 15 years, as opposed to Philbrick's four years. Additionally, the government fails to acknowledge that their own 5K1.1 Letter for Rosales

JEFFREY LICHTMAN

Hon. Sidney H. Stein
United States District Judge
May 20, 2022
Page 3

observes a loss attributable to her scheme of $81M, similar to Philbrick's $86M.[2] Govt. Mem. at p. 23. Indeed, instead of recognizing what they claimed to be "an appropriate indicator of the scope of the fraud" for this case, i.e., the loss amount, the government acknowledges only that Rosales sold "more than 60 forged artworks to galleries ... for more than $30 million ...." Govt. Mem. at p. 20, 23. To be sure, the loss amounts for Guidelines purposes were similar in both cases – and because Rosales and her cronies dealt in forgeries and had no need to actually purchase real works of art, their profits were inherently greater and she left her victims with little chance of any recovery. Further, Rosales ultimately faced greater sentencing guidelines than Philbrick – 151 to 188 months imprisonment – and unlike him, engaged in tax fraud. Govt. Mem. at pp. 22-23. As with Philbrick, the cooperative efforts of Rosales did not result in the conviction of a single person, and taking into account all of these factors, Rosales received a sentence of time served and three years probation. Govt. Mem. at p. 23. Contrary to the government's contentions, there are therefore many similarities with regard to these defendants. See 18 U.S.C. § 3553(a)(6).

Furthermore, the government seeks to differentiate the lenient, 18 month sentence received by Ezra Chowaiki with, *inter alia*, claims that the defendant's conduct in that case did not involve "bold-faced lies" Govt. Mem. at p. 17.[3] This statement is difficult to square with the government's announcement that Chowaiki "sold artwork, purportedly on consignment, without the owners' authorization," as well as "took money from clients purportedly to purchase artwork, and kept the money but purchased no art." See DOJ Press Release, President Of Park Avenue Art Gallery In Manhattan Pleads Guilty To Defrauding Art Dealers And Collectors Of Millions Of Dollars Of Artwork, May 3, 2018, available at: https://www.justice.gov/usao-sdny/pr/president-park-avenue-art-gallery-manhattan-pleads-guilty-defrauding-art-dealers-and (last viewed May 17, 2022). Additionally, Chowaiki's "quick and fulsome acceptance of responsibility" in his case must compare less favorably than Philbrick's offers to begin cooperating with law enforcement as early as on the airplane with agents while being returned to the United States upon his arrest. Govt. Mem. at p. 24.

**Fourth**, although the government avers that Mr. Philbrick "[b]ecame a [f]ugitive" from justice once the scheme "[u]nraveled," fleeing to the remote "Pacific [i]sland of Vanuatu," Mr. Philbrick was never notified by law enforcement that he was wanted for arrest or even

---

[2] The government incorrectly cites the Rosales 5K1.1 Letter as located at "Dkt. No. 57." Govt. Mem. at p. 23. This refers to a sentencing adjournment application to permit the unsuccessful extradition of Rosales' co-conspirators from Spain. The Rosales 5K1.1 Letter is actually located at Dkt. No. 48, United States v. Rosales, 13 CR 518 (KPF) (SDNY).

[3] Chowaiki's sentencing guidelines were 51 to 63 months imprisonment. Govt. Mem. at p. 24.

JEFFREY LICHTMAN

Hon. Sidney H. Stein
United States District Judge
May 20, 2022
Page 4

questioning by federal officials. Govt. Mem. at p. 13. And while the government would have it that Mr. Philbrick fled to a country "which does not have an extradition treaty with the United States," so that he could hide from law enforcement, they absent the fact that Mr. Philbrick traveled out of Vanuatu *under his own name* to "Australia on at least two occasions and traveled [from Vanuatu] to Japan and the French territory New Caledonia," all of which have extradition treaties with the United States. See PSR at ¶ 49 & FN 1.

**Fifth**, since the filing of the defendant's sentencing submission on March 28, 2022, conditions at the Metropolitan Detention Center have continued to deteriorate. According to the defendant, a gang related stabbing and a purported fentanyl overdose have left he facility in lockdown for 24 hours per day, with Mr. Philbrick receiving a single shower for the period beginning last Monday. The defendant's only reprieve from his cell during this time has been to participate in legal calls with the undersigned – and we have been notified that the lockdown is likely to continue through the end of May.

**Sixth**, we have appended to this submission as Exhibit B a final character letter received on behalf of Mr. Philbrick from friend Simon Lyons.

Thank you for the Court's continued consideration of these issues in advance of Mr. Philbrick's sentencing.

Respectfully submitted,

Jeffrey Lichtman
Jeffrey Einhorn

Encs.

cc:     Jessica Feinstein, Esq.
        Cecilia Vogel, Esq.
        Assistant United States Attorneys (by ECF)

# EXHIBIT A

# MAZZOLA LINDSTROM LLP

Wendy J. Lindstrom
wendy@mazzolalindstrom.com
646.216.8440

May 20, 2022

Honorable Sidney H. Stein
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 23A
New York, New York 10007

Re: USA v. Philbrick; Case No. 20-cr-351 (SHS)

Dear Judge Stein:

We are writing in connection with certain issues that may arise at the sentencing of Mr. Philbrick on Monday, May 23, 2022. Our firm represents four victims of Inigo Philbrick's fraudulent scheme – Athena Art Finance Corporation, Guzzini Properties Ltd., Parfinim NV, and Huntington Fine Arts.

Many of the other victims in this case made substantial profits with Inigo Philbrick before learning of the fraud, and thereafter becoming victims themselves.

Philbrick has indicated his willingness to assist with our clients' recovery efforts. We are hopeful that Mr. Philbrick's cooperation with us will result in recovery for our clients.

Respectfully submitted,

MAZZOLA LINDSTROM LLP

Wendy J. Lindstrom
Wendy J. Lindstrom

# EXHIBIT B

**Jeffrey Einhorn**

| | |
|---|---|
| From: | Simon Lyons <simon@enstarcapital.co.uk> |
| Sent: | Thursday, April 7, 2022 10:18 AM |
| To: | Jeffrey Einhorn |
| Subject: | Draft Letter for Inigo |

Dear Judge Stein,

My name is Simon Henry Lyons. I am a 41 year old director of numerous finance related and real estate development companies as well as trustee of the Duke of Edinburgh Awards, the Royal Academy of Music as well as the Sir Jack Lyons Charitable Trust.
I reside between London, United Kingdom and Geneva, Switzerland.
I am aware that Inigo August Philbrick has been convicted of serious crimes and will be sentenced by your honour and the court.
I have known Inigo August Philbrick for approximately 12 years and in that time he has not only been a loyal and consistent friend of both mine and my families and I even made him the godfather of my daughter Mila (who is 6 years old) who is of similar age to Inigo's daughter Octavia. Around 5 years ago having gone through a very painful breakup with my then ex partner and a subsequent custody dispute around my daughter I felt very isolated and withdrawn. Inigo on the other hand was unfailing in his presence and phoned me every day to check I was sound and his support was instrumental to me at a most difficult time in my life.
It is because of his loyalty and decency as well as his 'always there for his friends' approach that meant that everyone around Inigo has always adored him and he made a wonderful impression on all he would meet.

I have never had any business relationship with Inigo and so therefore was shocked to hear of his crimes.
I am angry at Inigo as on the one hand due to that I feel that what he has done has separated him from his two daughters and loving family and on the other hand such a talented and smart person could be so stupid to be involved in such transactions which is what brought him in front of the courts.
He has lost so much down to this stupidity and that will always live with him. I hope that he will soon be can resume his life and put his talents to good use as he is undoubtedly intelligent and resourceful.
It is for this reason that I extend a fully remunerated and paid job to him in the United Kingdom upon his release from incarceration so that he can resume his life and put his intelligence and talent to good use into getting back into gainful employment.

I remain available at the courts discretion will for any further statements.
Yours Faithfully


Simon H Lyons
Chief Executive
Enstar Capital Ltd
a subsidiary of the Enstar Capital Group
16 Grosvenor Crescent | Belgravia | London SW1X 7EP
Phone:  +44 20 7629-8313
Fax:       +44 20 7491-3834
Mobile:  +44 79775-20580

simon@enstarcapital.co.uk


**This e-mail is confidential. If you are not the intended recipient, you should not copy it, re-transmit it, use it or disclose its contents, but should return it to the sender immediately and delete the copy from your system.**

Enstar Capital is not responsible for, nor endorses any opinion, recommendation, conclusion, solicitation, offer or agreement or any information contained in this communication.

Enstar Capital cannot accept responsibility for the accuracy or completeness of this message as it has been transmitted over a public network. If you suspect that the message may have been intercepted or amended, please call the sender.